[Crim. No. 571.   Third Appellate District.—October 19, 1921.]

THE PEOPLE, Respondent, v. G. C. ROLLINS, Appellant.

[1] CRIMINAL LAW — EMBEZZLEMENT — OWNERSHIP OF MONEY — EVIDENCE—VERDICT.—In a prosecution for embezzlement, where it is claimed that the evidence is insufficient in that the money embezzled belonged to the complaining witness and another person, while the charge is laid in the information that it belonged to the complaining witness alone, the testimony of the complaining witness that he gave the money to defendant out of his own pocket is sufficient, if believed by the jury, to sustain a verdict of guilty.

[2] ID. — COMMISSION OF WRONG — ADMISSION BY DEFENDANT — EVIDENCE.—In such a prosecution, it is not error to permit the district attorney to testify, over the objection of defendant, that defendant stated to him that he had admitted to a party in Los Angeles the commission of ·a wrong of some sort in the northern portion of the state, notwithstanding there is no evidence showing that the admission related to the present case.

[3] ID. — OTHER OFFENSE — ERRONEOUS QUESTION — PROMPT ADMONITION—LACK OF INJURY.—In such a prosecution, defendant could

not have been injured by the action of the district attorney, after he had asked defendant whether or not the latter was in an automobile when arrested, in asking the further question, "Is it not a fact that, when the policeman approached you, you told them you were going right to Stockton to straighten up about that car?" where the court promptly sustained defendant's objection to such question and charged the jury that the matter should not have the slightest weight with them.

APPEAL from a judgment of the Superior Court of San Joaquin County. Geo. F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Glenn West for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

PREWETT, J., *pro tem.*—The appellant is charged with the crime of embezzlement committed by the felonious appropriation to his own use of the sum of $140.75, intrusted to him for the purpose of paying certain laborers who were working under his immediate supervision as foreman.

He was tried by a jury and found guilty as charged, and he brings this appeal from the judgment of conviction and from an order denying his motion for a new trial. The appellant makes three points.

[1] 1. That the evidence is insufficient to sustain a verdict of guilty in this, that the money embezzled belonged to the complaining witness and another person, while the charge is laid in the information that it belonged to the complaining witness alone. This witness testified that he gave the money to the appellant out of his own pocket. This, if believed by the jury, was sufficient. The evidence shows that the money in question was intrusted to the appellant to pay the wages of the laborers working under him and that, instead of executing his trust, he appropriated the money to his own use and absconded. He went from Stockton to Los Angeles and later to San Jose, at which place he was arrested by a policeman. The claim or statement in appellant's brief that he surrendered himself to the policeman is evidently a mistake. He was arrested while in the act of selling a kit of carpenter's tools.

[2]   2. The appellant stated to the district attorney that he had admitted to a party in Los Angeles the commission of a wrong of some sort in the northern portion of the state. The appellant objected to the testimony of the district attorney to this effect upon the ground that there was no evidence showing that this admission related to the present case. But it might have related to this case, and it was the province of the jury, in the light of all the facts and circumstances in evidence, to determine whether or not it so related. It is a common practice for courts to admit in evidence statements, acts, or material objects, such as weapons, in the absence of direct and positive evidence connecting them with the case on trial. There was no error in the ruling complained of.

[3]   3. After a question as to whether or not the appellant was in an automobile when arrested, the district attorney asked this question: "Is it not a fact that, when the policeman approached you, you told them you were going right to Stockton to straighten up about that car?" The appellant objected to the question and assigned the act of the district attorney in propounding it as prejudicial misconduct; and in that connection his attorney stated in court: "That car belonged to the defendant, who paid $700 for it." The court promptly sustained the objection and charged the jury that the matter should not have the slightest weight with them. This action of the court cured whatever error may have been committed. We are not disposed to commend the act of the district attorney in asking the question, but it is difficult to see how any injury to appellant could have resulted therefrom. Moreover, the evidence of the guilt of the appellant is so conclusive that the jury could not have failed to find him guilty, even though the alleged error had not been committed. We are satisfied that no miscarriage of justice arose by reason thereof. Section 4½ of article VI of the constitution was enacted to meet cases of this class.

The order denying the motion of appellant for a new trial and the judgment are affirmed.

Finch, P. J., and Burnett, J., concurred.